IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 119-1

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **ELVIS DARRIN BUCKNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#50) filed in the above entitled cause on February 27, 2013 by the United States Probation Office. In the violation report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the Defendant was present with his counsel, Jason Hayes, and the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the violation report. The Government introduced, without objection, the violation report into evidence.

The Defendant was charged in a bill of indictment (#1) filed on December 4, 2012 with conspiracy to distribute a quantify of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. A hearing was held in regard to the detention of Defendant on December 21, 2012. On that date, the undersigned entered an order releasing the Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

> (1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.
>
> (8)(n) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

On February 13, 2013 the Defendant applied for a gun redemption at Foothills Jewelry and Loan in Hickory, NC. On that date, Defendant had gone to Foothills Jewelry and Loan and had attempted to seek the return of two firearms that he had pawned at Foothills Jewelry and Loan. He had pawned one on September 17, 2012 and another on November 14, 2012. When he sought the returns of the firearms the Defendant was required to complete an ATF Form 4473 in which Defendant was asked the question, "Are you under indictment or information in any court for a felony, or any other crime, for which the judge could imprison you for more than a year?" Defendant signed the form and indicated he

had not been indicted for such an offense. This answer was false and untrue as Defendant had been indicted on the charges presented in the bill of indictment in this case.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal crime while on release. Defendant provided a false statement on ATF Form 4473 which is a criminal offense and which is a felony.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that he not commit any offense in violation of federal, state or local law while on release. Defendant provided a false report on ATF Form 4473 which is a felony. There is also clear and convincing evidence that Defendant at least attempted to obtain and possess firearms, that being the two guns that he tried to procure from Foothills Jewelry and Loan.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth in 18 USC § 3142(g), it appears there is no condition or combination of conditions of release that would assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is

**ORDERED**  Defendant be detained pending further proceedings in this matter.

Signed: March 12, 2013

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge